United States Court of Appeals
Fifth Circuit

**F I L E D**

May 2, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-11470
Summary Calendar

ELBERT M. MADERA, also known as Jack Madera; SUE MADERA

Plaintiffs-Appellants,

versus

CORPORATE SOLUTIONS, INC.

Defendant-Appellee.

Appeal from the United States District Court for
the Northern District of Texas
(USDC No. 3:03-cv-1305)

Before REAVLEY, HIGGINBOTHAM, and CLEMENT, Circuit Judges.

PER CURIAM:*

Reviewing the grant of summary judgment in favor of Appellee de novo, we

affirm for the following reasons:

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

1. "ERISA does not preempt state law claims when the claims 'affect only [an employee's] employer/employee relationship with [an employer] and *not* her administrator/beneficiary relationship with the company." *Rokohl v. Texaco, Inc.*, 77 F.3d 126, 129 (5th Cir. 1996) (citing cases) (emphasis in original). The distinction appellants seek to draw between 1) the unpaid ERISA benefits and 2) medical expenses which arose after the discovery of the alleged negligent procurement does not help appellant. Some, if not all, of the damages arising under the former are necessarily encompassed by the latter. The district court properly concluded that the negligence claim was conflict preempted under ERISA § 514.

2. ERISA § 502 (a)(2) allows a beneficiary to sue for breach of fiduciary duty. ERISA also requires fiduciaries to discharge their duties "solely in the interest of the participants and beneficiaries[,]" using "care, skill, prudence, and diligence." 29 U.S.C. § 1104(a)(1). The appellants' negligent procurement of the failed insurer allegation is covered by this language.

3. For the reasons stated by the district court, summary judgment was properly granted in favor of the appellee.

Affirmed.